```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 JOHN TRISVAN,

                         Plaintiff,          MEMORANDUM & ORDER
                                             24-CV-983 (EK)(LB)

              -against-

 KATHY HOCHUL, ERIC ADAMS, and LETICIA
 JAMES

                         Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

On February 6, 2024, plaintiff John Trisvan filed this action against Kathy Hochul, Eric Adams, and Leticia James pursuant to 42 U.S.C. §§ 1983 and 1985. Compl., ECF No. 1.[1] He alleges that New York law unconstitutionally prohibits him from possessing a firearm. *Id.* at 2. Trisvan is proceeding *pro se* and has applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 4. That application is hereby

---

[1] Trisvan has filed the following cases in this Court: *Trisvan v. Ercole*, No. 07-cv-4673 (NG) (closed Jan. 30, 2015); *Trisvan v. Annucci*, No. 14-cv-6016 (MKB) (ST) (closed Aug. 25, 2021); *Trisvan v. Heyman*, No. 16-cv-0084 (MKB) (ST) (closed Mar. 31, 2020); *Trisvan v. Kalex Partners LLC*, No. 16-cv-7000 (MKB) (ST) (closed Feb. 19, 2020); *Trisvan v. Burger King Worldwide, Inc.*, No. 19-cv-6396 (MKB) (ST) (closed Mar. 31, 2021); *Trisvan v. Kentucky Fried Chicken Corp.*, No. 20-cv-2071 (MKB) (ST) (closed Feb. 2, 2021); *Trisvan v. Regal Entertainment Group*, No. 21-cv-0187 (MKB) (ST); *Trisvan v. Biden*, No. 21-cv-5684 (EK) (LB) (closed July 27, 2021); *Trisvan v. Dep't of Correctional Services*, No. 22-cv-2600 (EK) (LB) (closed Nov. 8, 2022); *Trisvan v. Adams*, No. 23-cv-9051 (EK) (LB) (pending).

granted, and for the reasons below the complaint is dismissed with prejudice.

## I. Background

Trisvan alleges that in 1998, he was "sentenced and convicted [of] 1st degree manslaughter" and that he was released on parole in 2011 and completed his sentence in 2022. Compl., at 2. Trisvan also alleges that he "suffers from mental illness." *Id.* He alleges that Section 10-131 of the New York City Administrative Code prohibits him from lawfully possessing a firearm in violation of his constitutional rights. *Id.* He seeks $1 million in damages. *Id.* at 3.

## II. Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111,

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

123 (2d Cir. 2010).  But the Court need not accept "legal conclusions" as true.  *Iqbal,* 556 U.S. at 678.

A *pro se* complaint like Trisvan's is to be liberally construed must be held to less stringent standards than formal pleadings drafted by lawyers."  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B).

### III. Discussion

**A.   Section 1983**

Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see* 42 U.S.C. § 1983.  In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law.  *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Here, Trisvan has not alleged facts sufficient to establish a violation of his constitutional rights. The Second Amendment does not prohibit States from imposing any and all restrictions on the right to bear arms. *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 21 (2022) (holding that "like most rights, the right secured by the Second Amendment is not unlimited"); *see also McDonald v. Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'"); *accord United States v. Rahimi*, 602 U.S. \_\_\_, slip op. at 15 (2024) (reiterating that prohibitions "on the possession of firearms by felons and the mentally ill are presumptively lawful").

New York prohibits convicted felons and mentally ill persons from obtaining a license to "have," "possess," or "carry" a firearm. N.Y. Penal Law § 400.00(1).[3] Trisvan acknowledges that he is a convicted felon and also suffers from mental illness and therefore is ineligible to own a firearm. Compl. at 2. Thus, Trisvan has failed to state a claim upon

---

[3] Although Trisvan cites to New York City Administrative Code § 10-131, that section does not prohibit convicted felons or mentally ill persons from obtaining a firearms license; the relevant section is 400.00(1).

4

which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B).[4]

**B.  Section 1985**

Trisvan also alleges a violation of 42 U.S.C. § 1985, which requires — among other things — alleging the existence of a conspiracy to deprive the plaintiff of civil rights.  *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007); *see* 42 U.S.C. § 1985(3).  But Trisvan fails to state any facts showing the existence of a conspiracy or (as discussed above) that he has been deprived of any right.  Thus, he has failed to state a claim upon which relief may be granted.

### IV.  Filing Injunction — Warning

The ability to litigate *in forma pauperis* is a privilege that may be denied.  *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not

---

[4] Even if Trisvan had alleged facts to support a constitutional violation, he has failed to allege that the defendants — Governor Hochul, Mayor Adams or Attorney General James — had any direct involvement with, knowledge of, or responsibility for the alleged constitutional deprivation. That stands as an independent bar to relief under Section 1983.  *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

a constitutional right, but rather a congressionally created benefit."). The Second Circuit has held that a district court has a "constitutional obligation" to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). At the same time, it is "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

Trisvan is a frequent litigant in this district. *See supra* at 1 n.1. The Court takes the opportunity here to warn him that if he persists in filing frivolous or vexatious actions, the Court may enter an order barring the filing of any future *in forma pauperis* complaint without prior leave of the Court. 28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d at 227-29; *Iwachiw*, 396 F.3d at 529; *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (district court may issue filing injunction when "a plaintiff abuses the process of the Courts to

6

harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings").

### V.   Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).  The court declines to allow Trisvan leave to amend as it would be futile.  *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Trisvan, to note the mailing on the docket, and to close the case.

SO ORDERED.

                                             /s/ Eric Komitee
                                            ERIC KOMITEE
                                            United States District Judge

Dated:    August 14, 2024
            Brooklyn, New York